

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TENNESSEE FOOTBALL, INC. and THE NATIONAL FOOTBALL LEAGUE MANAGEMENT COUNCIL,<br><br>                                         Plaintiffs,<br>vs.<br><br>THE NATIONAL FOOTBALL LEAGUE PLAYERS ASSOCIATION and RAY CHILDRESS, et al.,<br><br>                                         Defendants. | CASE NO. 12-CV-2812 BEN (DHB)<br><br>**ORDER GRANTING PLAINTIFFS' MOTION TO CONFIRM ARBITRATION AWARD**<br><br>[Docket No. 15] |

Presently before the Court is Plaintiffs' Motion to Confirm Arbitration Award. (Docket No. 15.) For the reasons stated below, the Motion is **GRANTED**.

## BACKGROUND

The Defendant Players are former professional football players employed by the Titans, a National Football League member club with its principal place of business in Nashville, Tennessee. (Compl. ¶¶ 3, 5.) The Players each entered into a player contract with the Titans or its predecessor club, the Houston Oilers. (*Id.*, Exh. B, at 2-3.) According to the contracts with the Titans, "Jurisdiction of all workers compensation claims and all other matters related to worker compensation . . . shall be exclusively determined by and exclusively decided in accordance with the internal laws of the State of Tennessee without resort to choice of law rules." (*Id.*) The Players'

1  contracts with the Oilers "contained virtually identical provisions, but specified that
2  Texas law, not Tennessee law, would govern." (*Id.* at 3.) In addition, the Players'
3  contracts each contain a provision that it was "made under and shall be governed by
4  the laws of" Tennessee or Texas, depending on the club with which the Player signed.
5  (*Id.*) The Players have all filed claims for workers' compensation benefits before the
6  California Workers' Compensation Appeals Board, seeking benefits under California
7  law. (*Id.*)

8  On December 11, 2009, the National Football League Management Council filed
9  a grievance against the Players for pursuing workers' compensation claims under
10 California law in violation of their contracts. The Management Council argued that the
11 grievance should be sustained because the Players violated the terms of their contracts.
12 The Players argued that the choice-of-law provision in their contracts could not be
13 enforced as a matter of public policy because it violated federal labor law, the Full
14 Faith and Credit Clause of the United States Constitution, as well as Tennessee, Texas,
15 and California law. Arbitrator Michael H. Beck issued an Award sustaining the
16 Management Council's grievance on May 4, 2012. (*Id.* at 15.) Arbitrator Beck ordered
17 the Players to "cease and desist from attempting to persuade the California tribunals to
18 apply California law to their workers' compensation claims" and to "withdraw from the
19 California proceeding" if those tribunals refused to apply Tennessee or Texas law.
20 (*Id.*)

21 Plaintiffs Tennessee Football, Inc. and the Management Council filed suit on
22 November 21, 2012, naming the National Football League Players Association and
23 sixty individual Players as Defendants. The Complaint seeks confirmation of the
24 Arbitration Award.

25 Presently before the Court is Plaintiffs' Motion to Confirm Arbitration Award.
26 (Docket No. 15.) None of the Defendants have filed an opposition.
27 ///
28 ///

## DISCUSSION

"[F]ederal labor policy strongly favors the resolution of labor disputes through arbitration." *United Food & Commercial Workers Int'l Union, Local 588 v. Foster Poultry Farms*, 74 F.3d 169, 173 (9th Cir. 1995). "As long as the award draws its essence from the contract, meaning that on its face it is a plausible interpretation of the contract, then the courts must enforce it." *Sheet Metal Workers' Int'l Ass'n Local Union No. 359 v. Madison Indus., Inc., of Ariz.*, 84 F.3d 1186, 1190 (9th Cir. 1996) (internal quotation marks omitted). "[J]udicial review of an arbitration award is both limited and highly deferential." *Id.*

Here, the plain meaning of the choice-of-law provisions in the Players' contracts is that the Players' workers' compensation claims must be evaluated under the selected law—either Tennessee or Texas law—rather than California law. Because the Arbitrator's Award "draws its essence" from the contract language, the Award is confirmed. As this issue is dispositive, Plaintiffs' remaining arguments will not be addressed.

## CONCLUSION

For the reasons stated above, Plaintiffs' Motion to Confirm Arbitration Award is **GRANTED**.

**IT IS SO ORDERED.**

DATED: 6/29/13

HON. ROGER T. BENITEZ
United States District Judge